UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DARIEN TURNER,

                Petitioner,

     -against-

WILLIAM BROWN, Superintendent,
Eastern Correctional Facility,

                Respondent.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**07-CV-3950 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Petitioner pro se Darien Turner ("Turner") brings this petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 on the grounds that the indictments under which he was charged

and is currently imprisoned were improperly obtained. (Petition (Docket Entry # 1) at 4.) He

further claims he received ineffective assistance of counsel after he was indicted and before he

pleaded guilty. (Id.) For the following reasons, the petition is denied.

**I.    BACKGROUND**

    On November 10, 1998, Turner broke into an apartment in Brooklyn and stole several

pieces of jewelry. (Mandel Aff. (Docket Entry # 5) at 1-2.) Police officers arrested Turner when

they witnessed him fleeing the apartment. (Id. at 2.) On November 24, 1998 in Kings County

Criminal Court, Assistant District Attorney Minerva John-Stull (the "Prosecutor") announced the

People's intention to submit the case to a grand jury. (Mandel Aff. Ex. A at 1.) Turner's

counsel, Mark Baron ("Baron"), then gave oral notice of Turner's intention to testify before the

grand jury. He did not subsequently submit written notice of Turner's intention to testify as

required under N.Y. Crim. Proc. Law § 190.50. (Id. at 3.) Turner claims that he never saw or

heard from Baron after the hearing on November 24th. (Pet'r Resp. (Docket Entry # 8) at 2.)

The Criminal Court subsequently appointed Stephen Dean as Turner's counsel, although it is unclear exactly when. (Id. at 3.)

Turner remained in police custody until December 13, 1998, when he was released on bail. (Id. at 1.) On January 21, 1999, a grand jury indicted Turner on one count each of burglary in the second degree under N.Y. Penal Law § 140.25(1), burglary in the third degree under § 140.20, criminal trespass in the second degree under § 140.15, criminal possession of stolen property in the fifth degree under § 165.40, and petit larceny under § 155.25 (the "First Indictment"). (Mandel Aff. at 2.) Turner did not testify before the grand jury. (Id.)

On February 9, 1999, while Turner was released on bail and awaiting trial, police officers caught him stealing jewelry from yet another Brooklyn apartment. The police arrested him and, upon questioning, Turner admitted to committing six other burglaries. (Id. at 4.) Soon after Turner's arrest, Stephen Dean withdrew from the case, and on March 18, 1999, the Criminal Court appointed Robert Nicholson ("Nicholson") to represent Turner. (Id. at 14.) On March 22, 1999, Nicholson moved to dismiss the January 21 indictment because Turner was denied the opportunity to testify before the grand jury, even though he had stated his intention to do so. (Mandel Aff. Ex. B.) The New York State Supreme Court denied the motion. (Mandel Aff. Ex. D.)

On March 26, 1999, a grand jury indicted Turner on charges pertaining to his February 9, 1999 arrest. (Mandel Aff. at 4.) On July 23, 1999, the prosecutor superseded that indictment to include both the charges pertaining to the February 9th arrest as well as the six additional burglaries to which Turner confessed (the "Second Indictment"). (Id. at 5.) The Second Indictment charged Turner with one count each of burglary in the second degree under N.Y. Penal Law § 140.25(1), burglary in the third degree under § 140.20, attempted burglary in the

second degree under §§ 110.00 and 140.20, and seven counts each of criminal trespass in the second degree under §140.15, criminal possession of stolen property in fifth degree under § 165.40, and petit larceny under § 155.25. (Id.)

On November 30, 1999, Turner pleaded guilty to all counts of the First Indictment, two counts of burglary in the second degree, and one count each of criminal trespass in the second degree and petit larceny in full satisfaction of the Second Indictment. Turner waived his right to a trial and his right to appeal and confirmed that he was satisfied with the assistance he had received from counsel. (Mandel Aff. Ex. I.)

On December 23, 1999, Turner challenged the validity of his guilty plea under N.Y. Crim. Proc. Law § 220.60(3), claiming that he unknowingly and involuntarily pleaded guilty because he was distressed over his mother's terminal illness at the time. (Mandel Aff. Ex. K.) The court denied the motion and sentenced Turner to an indeterminate term of imprisonment of 16 years to life on January 27, 2000. (Mandel Aff. Ex. M, N.) On April 26, 2000, Turner moved to vacate his sentence pursuant to N.Y. Crim. Proc. Law § 440.20 on the grounds that he should not have been sentenced as a violent persistent felon, that he was denied effective assistance of counsel, and that his sentence was excessive. (Mandel Aff. Ex. P.) The New York Supreme Court denied the motion on July 10, 2000. (Mandel Aff. Ex. R.) On January 23, 2001, Turner moved pursuant to N.Y. Crim. Proc. Law § 440.10 to vacate the judgment against him. (Mandel Aff. Ex. S.) He asserted the same claims set forth in his § 440.20 motion, and he challenged the validity of his plea, the First Indictment, and the Second Indictment. (Id.) The New York State Supreme Court denied the motion on April 3, 2001. (Mandel Aff. Ex. U.) The New York State Supreme Court, Appellate Division (the "Appellate Division") denied leave to appeal. (Mandel Aff. Ex. X.)

On October 3, 2001, Turner petitioned for a writ of habeas corpus before Judge Jack B. Weinstein of the United States District Court for the Eastern District of New York, claiming that his trial counsel was ineffective for failing to challenge his indictments and for failing to timely file a notice of appeal. (Docket Entry # 2.) Before Judge Weinstein issued a ruling, Turner filed a second petition in this court, which was dismissed pending the resolution of the proceeding before Judge Weinstein. (Docket Entry # 1.) On November 13, 2003, Judge Weinstein dismissed Turner's original petition. (Docket Entry # 15.) Turner then moved the United States Court of Appeals for the Second Circuit for a certificate of appealability, which the Second Circuit granted. (Docket Entry # 16.) In his appeal, Turner reiterated the claim that his trial counsel was ineffective for failing to timely file a notice of appeal in the Appellate Division. (Docket Entry # 19.) The Second Circuit found the claim unexhausted and remanded the case with instructions to stay Turner's habeas petition while he exhausted the claim in state court. (Id.)

Turner moved for a writ of <u>coram nobis</u> with the Appellate Division, claiming that his trial counsel was ineffective for failing to secure his right to appeal his conviction. (Mandel Aff. Ex. Y.) On July 15, 2005, the Appellate Division granted Turner's motion and appointed counsel to perfect his appeal. (Mandel Aff. Ex. AA.) Appellate counsel Arza Feldman challenged Turner's conviction on the grounds that Baron, Turner's first trial counsel, was ineffective in failing to file written notice that Turner wished to testify before the grand jury that issued his First Indictment. (Mandel Aff. Ex. BB.) Turner filed a <u>pro se</u> supplemental brief alleging that Nicholson was also ineffective for failing to challenge his Second Indictment on the grounds that the charges it contained were improperly joined. (Mandel Aff. Ex. DD.) On May 22, 2007, the Appellate Division affirmed Turner's conviction. <u>People v. Turner</u>, 40 A.D.3d

1018 (2d Dep't 2007). It held that by pleading guilty, Turner "forfeit[ed] appellate review of any claim of ineffective assistance of counsel which [did] not directly involve the plea bargaining process." Id. The New York Court of Appeals denied Turner's request for leave to appeal on August 23, 2007. People v. Turner, 9 N.Y.3d 882 (2007).

Turner brought the instant petition on September 11, 2007. (Petition at 1.) He claims that Baron rendered ineffective assistance when he failed to file written notice that Turner wished to testify before the grand jury that issued the First Indictment and that Nicholson was ineffective in failing to challenge the validity of the Second Indictment. (Id. at 4-5.) Turner further claims that his sentence should be vacated because he was not permitted to testify before the grand jury during the presentation of the First Indictment and because the prosecutor violated New York criminal procedure laws when obtaining the Second Indictment. (Id. at 4-6.)

## II. DISCUSSION

### A. Anti-Terrorism and Effective Death Penalty Act

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan v. Kuhlman, 261 F.3d 303, 313 (2d Cir. 2001). "[A] federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the

Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Determination of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## B.    Ineffective Assistance of Counsel

The Sixth Amendment provides that a criminal defendant "shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). To prevail on a claim for ineffective assistance of counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the [petitioner]." Strickland v. Washington, 466 U.S. 668, 697 (1984). The first prong of the Strickland test "requires [a] showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [] by the Sixth Amendment." Id. at 687. Strickland's second prong requires that a defendant show actual prejudice. To show actual prejudice, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because Turner pleaded guilty rather than going to trial, he must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" to establish prejudice. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Because the petitioner bears the burden of proof on both prongs of the test, "there is no reason for a court deciding an ineffective assistance claim . . . to address both

components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

Turner claims that Baron and Nicholson rendered ineffective assistance in failing to properly challenge the two indictments. He does not assert that either attorney's alleged mistakes caused him to plead guilty rather than proceed to trial. Turner's guilty plea forecloses the possibility that either Baron's or Nicholson's actions prejudiced him because, regardless of whether they properly challenged errors in the grand jury proceedings, his guilty plea rendered any errors in his grand jury proceedings harmless. See United States v. Hansel, 70 F.3d 6, 8 (2d Cir. 1995). Because Turner cannot demonstrate prejudice, the court need not consider whether either of his attorneys' provided representation that fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 697.

### C. Validity of Indictments

Turner's claims regarding the validity of his First and Second Indictments present no federal or constitutional issues. AEDPA permits prisoners in state custody following a conviction in state court to petition for federal habeas corpus relief only if their imprisonment is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Because Turner alleges only "deficiencies in state grand jury proceedings," his claim is "not cognizable in a habeas corpus proceeding in federal court." Davis v. Mantello, 42 Fed. Appx. 488, 490 (2d Cir. 2002).

## IV. CONCLUSION

For the foregoing reasons, Turner's petition is DENIED. Because Turner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not

issue. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Lozada v. United States</u>, 107 F.3d 1011 (2d Cir. 1997). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for purpose of any appeal. <u>See Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      November 4, 2010

NICHOLAS G. GARAUFIS
United States District Judge